

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
April 2, 2020 17:16

By: JOHN W. BURNETT 0039140

Confirmation Nbr. 1979920

| | |
|---|---|
| DANIELLE A. HOLCEPL, ET AL | CV 20 931652 |
| vs. | |
| GILL PARDEEP SINGH, ET AL | Judge: DEBORAH M. TURNER |

Pages Filed: 8

**EXHIBIT A**

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| DANIELLE A. HOLCEPL<br>17108 Westdale Avenue<br>Cleveland, Ohio 44135<br><br>And<br><br>RONALD LATSON<br>17108 Westdale Avenue<br>Cleveland, Ohio 44135<br><br>      Plaintiffs,<br><br>-vs-<br><br>GILL PARDEEP SINGH<br>219 Loganberg Drive<br>West St. Paul, MB R2V4Z7<br><br>And<br><br>LONGVIEW LOGISTICS LTD.<br>23 Herman Avenue<br>Winnipeg MB R2R1LB<br><br>And<br><br>OHIO DEPARTMENT OF JOBS AND<br>FAMILY SERVICES<br>c/o Ohio Tort Recovery Unit<br>350 Worthington Road, Suite G<br>Westerville, Ohio 43082<br><br>And<br><br>MEDICAL MUTUAL OF OHIO<br>2060 East 9th Street<br>Cleveland, Ohio 44115<br><br>      Defendants. | CASE NO.:<br><br>JUDGE:<br><br><br><br>**COMPLAINT**<br>(Jury Demand Endorsed Hereon) |

Now come Plaintiffs, Danielle Holcepl ("Plaintiff Holcepl") and Ronald Latson ("Plaintiff Latson") and for their Complaint against Defendants Longview Logistics Ltd. ("Defendant Longview"), Gill Pardeep Singh ("Defendant Singh"), Medical Mutual of Ohio ("Medical Mutual") and Ohio Department of Jobs and Family Services ("ODJFS"), state as follows:

1. At all times relevant to this Complaint, Plaintiff Holcepl and Plaintiff Latson were, and are, residents of Cuyahoga County, Ohio.

2. At all times relevant, Defendant Longview was a resident of Canada and was doing business in Cuyahoga County, Ohio.

3. At all times relevant, Defendant ODJFS was, and is, an Ohio entity/agency authorized by state statute to recover against the liability of any third-party, the cost of any medical services and care arising out of injury to a Medicaid recipient and is a resident of the State of Ohio.

4. At all times relevant, Defendant Medical Mutual was, and is, an Ohio corporation that sold, and sells, health insurance in Ohio.

5. At all times relevant, Defendant Singh was a resident of Canada and driving a truck owned by Defendant Longview and acting individually. Alternatively, at all times relevant, Defendant Singh was an employee of Defendant Longview and was acting in the course and scope of his employment.

6. The events complained of occurred in Cuyahoga County, Ohio.

7. On or about August 29, 2018, Plaintiff Holcepl was driving a car in which Plaintiff Latson was riding as a passenger eastbound on Interstate 90 in Cleveland, Ohio. Plaintiff Holcepl came to a lawful stop. Defendant Singh, also driving eastbound on Interstate 90 and in the same lane of travel as that of Plaintiff Holcepl, failed to maintain an assured clear distance ahead and was otherwise negligent and collided with the rear of the car being driven by Plaintiff Holcepl.

## COUNT I – NEGLIGENCE OF DEFENDANT SINGH – PLAINTIFF HOLCEPL

8. Plaintiffs restate and reallege paragraphs 1 through 7 as if fully restated herein.

9. As a direct and proximate result of Defendant Singh's negligence, Plaintiff Holcepl sustained injuries, some permanent, incurred medical expenses to treat said injuries and will incur same in the future, experienced pain and suffering and mental anguish, and will experience same in the future, and incurred lost wages and will incur same in the future and has had her earning capacity permanently diminished and has experienced, and will experience in the future, a loss of enjoyment of life.

## COUNT II – NEGLIGENCE OF DEFENDANT SINGH – PLAINTIFF LATSON

10. Plaintiffs restate and re-allege paragraphs 1 through 9 as if fully re-written herein.

11. As a direct and proximate result of Defendant Singh's negligence, as set forth above, Plaintiff Latson sustained injuries, some permanent, incurred medical expenses to treat said injuries and will incur same in the future, experienced pain and suffering and mental anguish, and will experience same in the future, and incurred lost wages and will incur same in the future and has had his earning capacity permanently diminished and has experienced, and will experience in the future, a loss of enjoyment of life.

## COUNT III – VICARIOUS LIAILITY OF DEFENDANT LONGVIEW – PLAINTIFF HOLCEPL

12. Plaintiffs restate and re-allege paragraphs 1 through 11 as if fully re-written herein.

13. Defendant Longview is vicariously liable for the negligence of Defendant Singh.

14. As a direct and proximate result of Defendant Singh's negligence, as set forth above and for which Defendant Longview is vicariously liable, Plaintiff Holcepl sustained injuries, some permanent, incurred medical expenses to treat said injuries and will incur same in the future, experienced pain and suffering and mental anguish, and will experience same in the future, and

incurred lost wages and will incur same in the future and has had her earning capacity permanently diminished and has experienced, and will experience in the future, a loss of enjoyment of life.

## COUNT IV – VICARIOUS LIAILITY OF DEFENDANT LONGVIEW – PLAINTIFF LATSON

15. Plaintiffs restate and re-allege paragraphs 1 through 14 as if fully re-written herein.

16. Defendant Longview is vicariously liable for the negligence of Defendant Singh.

17. As a direct and proximate result of Defendant Singh's negligence, as set forth above and for which Defendant Longview is vicariously liable, Plaintiff Latson sustained injuries, some permanent, incurred medical expenses to treat said injuries and will incur same in the future, experienced pain and suffering and mental anguish, and will experience same in the future, and incurred lost wages and will incur same in the future and has had his earning capacity permanently diminished and has experienced, and will experience in the future, a loss of enjoyment of life.

## COUNT V – NEGIGLENCE OF DEFENDANT LONGVIEW – PLAINTIFF HOLCEPL

18. Plaintiffs restate and re-allege paragraphs 1 through 17 as if fully re-written herein.

19. Defendant Longview had a duty to act reasonably in hiring, instructing, training, supervising and retaining its employees as drivers in the furtherance of its business, including Defendant Singh and to promulgate and enforce policies, procedures and rules to ensure that its employees drove safely in the course of furthering its business.

20. Defendant Longview had a duty to exercise reasonable care in entrusting driving responsibilities in the furtherance of its business to responsible, competent and qualified drivers.

21. Defendant Longview failed in the above-mentioned duties with regard to Defendant Singh and was therefore negligent.

22. As a direct and proximate result of Defendant Longview's negligence, Plaintiff Holcepl sustained injuries, some permanent, incurred medical expenses to treat said injuries and will

incur same in the future, experienced pain and suffering and mental anguish, and will experience same in the future, and incurred lost wages and will incur same in the future and has had her earning capacity permanently diminished and has experienced, and will experience in the future, a loss of enjoyment of life.

### COUNT VI – NEGIGLENCE OF DEFENDANT LONGVIEW – PLAINTIFF LATSON

23. Plaintiffs restate and re-allege paragraphs 1 through 22 as if fully re-written herein.

24. Defendant Longview had a duty to act reasonably in hiring, instructing, training, supervising and retaining its employees as drivers in the furtherance of its business, including Defendant Singh and to promulgate and enforce policies, procedures and rules to ensure that its employees drove safely in the course of furthering its business.

25. Defendant Longview had a duty to exercise reasonable care in entrusting driving responsibilities in the furtherance of its business to responsible, competent and qualified drivers.

26. Defendant Longview failed in the above-mentioned duties with regard to Defendant Singh and was therefore negligent.

27. As a direct and proximate result of Defendant Longview's negligence, Plaintiff Latson sustained injuries, some permanent, incurred medical expenses to treat said injuries and will incur same in the future, experienced pain and suffering and mental anguish, and will experience same in the future, and incurred lost wages and will incur same in the future and has had his earning capacity permanently diminished and has experienced, and will experience in the future, a loss of enjoyment of life.

### COUNT VII-MEDICAL MUTUAL-PLAINTIFF HOLCEPL

28. Plaintiff restates and re-alleges paragraphs 1 through 27 as if fully re-written herein.

29. At all times relevant hereto, Defendant Medical Mutual of Ohio (hereinafter "Medical Mutual"), has paid healthcare benefits on behalf of Plaintiff Holcepl pursuant to a policy of insurance.

30. Defendant Medical Mutual has asserted a contractual lien for payment made to or on behalf of Plaintiff Holcepl as a result of medical bills incurred by Plaintiff Holcepl to treat injuries she sustained in the car accident that is the subject of this case.

31. Plaintiff Holcepl is in an adversarial relationship with Medical Mutual insofar as it claims a portion of Plaintiff Holcepl's anticipated recovery against Defendants Singh and Longview.

### COUNT VIII – ODJFS – PLAINTIFF LATSON

32. Plaintiffs restate and re-allege paragraphs 1 through 31 as if fully re-written herein.

33. ODJFS claims a statutory lien and a right of subrogation in this case pursuant to O.R.C. Section 5101.58 against any recovery Plaintiff Latson obtains against Defendants Singh and Longview insofar as some of Plaintiff Latson's medical bills incurred as a result of treating injuries sustained in the subject accident have been paid by Medicaid.

34. Plaintiff is in an adversarial relationship with ODJFS insofar as it claims a portion of Plaintiff Latson's anticipated recovery against Defendants Singh and Longview.

WHEREFORE, Plaintiff Holcepl demands judgment against Defendants Longview and Singh, individually or jointly and severally, in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) to be determined at trial. As to Defendant Medical Mutual, Plaintiff Holcepl demands that it set forth its claim, lien or interest through competent testimony at trial or be forever barred from recovery. Plaintiff Holcepl further demands judgment for the costs of this proceeding, interest from the date of judgment, and all other remedies in law or equity to which he is entitled.

Plaintiff Latson demands judgment against Defendants Longview and Singh, individually or jointly and severally, in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) to be determined at trial. As to Defendant ODJFS, Plaintiff Latson demands that it set forth its claim, lien or interest through competent testimony at trial or be forever barred from recovery. Plaintiff Latson further demands judgment for the costs of this proceeding, interest from the date of judgment, and all other remedies in law or equity to which he is entitled.

                                              **THE SKOLNICK WEISER LAW FIRM LLC**

*/s/ John W. Burnett*

JOHN W. BURNETT (0039140)
HOWARD E. SKOLNICK (0061905)
DAVID P. THOMAS (0061988)
600 Superior Avenue, East, Suite 2505
Cleveland, OH 44114
Telephone: (216) 861-8888
Facsimile: (216) 566-8810
Email: John@skolnicklaw.com
           Howard@skolnicklaw.com

*Counsel for Plaintiffs*

## JURY DEMAND

Plaintiff hereby demands a trial by jury comprised of the maximum number of jurors allowed by law.

THE SKOLNICK WEISER LAW FIRM LLC

_____
JOHN W. BURNETT (0039140)
*Counsel for Plaintiffs*

| CASE NO. | | SUMMONS NO. | |
|---|---|---|---|
| CV20931652 | D1 RM | 41552870 | |

Rule 4 (B) Ohio

Rules of Civil Procedure

# SUMMONS

DANIELLE A. HOLCEPL, ET AL    **PLAINTIFF**
VS
GILL PARDEEP SINGH, ET AL    **DEFENDANT**

GIL PARDEEP SINGH
219 LOGANBERG DRIVE
WEST ST. PAUL, MB R2R1LB

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on:



**Plantiff's Attorney**

JOHN W BURNETT
600 SUPERIOR AVE E

STE 2505
CLEVELAND, OH 44114-0000

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

DEBORAH M TURNER
Do not contact judge. Judge's name is given for attorney's reference only.

**NAILAH K. BYRD**
Clerk of the Court of Common Pleas



By _____
Deputy



| DATE SENT |
|---|
| Apr 3, 2020 |

COMPLAINT FILED    04/02/2020

CMSN130

SUMMONS IN A CIVIL ACTION - COURT OF COMMON PLEAS: CUYAHOGA COUNTY JUSTICE CENTER
CLEVELAND, OHIO 44113

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV20931652 | D2 RM | 41552871 |

Rule 4 (B) Ohio

Rules of Civil Procedure

DANIELLE A. HOLCEPL, ET AL   PLAINTIFF
VS
GILL PARDEEP SINGH, ET AL   DEFENDANT

# SUMMONS

LONGVIEW LOGISTICS LTD.
23 HERMAN AVENUE
WINNIPEG, MB R2R1LB

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

Said answer is required to be served on:



You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Plantiff's Attorney

JOHN W BURNETT
600 SUPERIOR AVE E
STE 2505
CLEVELAND, OH 44114-0000

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

DEBORAH M TURNER
Do not contact judge. Judge's name is given for attorney's reference only.

NAILAH K. BYRD
Clerk of the Court of Common Pleas



By_____
    Deputy

| DATE SENT |
|---|
| Apr 3, 2020 |

COMPLAINT FILED   04/02/2020



CMSN130



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

# Court of Common Pleas

ANSWER AND CROSSCLAIM $75
April 28, 2020 10:41

By: JOSEPH M. MCCANDLISH 0073775

Confirmation Nbr. 1990299

| | |
|---|---|
| DANIELLE A. HOLCEPL, ET AL | CV 20 931652 |
| vs. | |
| GILL PARDEEP SINGH, ET AL | **Judge:** DEBORAH M. TURNER |

**Pages Filed:** 3

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| **Danielle A. Holcepl, et al.** | : Case No: CV20931652 |
| | : |
| | : Judge Deborah M. Turner |
| **Plaintiffs,** | : |
| | : |
| | : |
| vs. | : |
| | : **<u>ANSWER OF DEFENDANT STATE</u>** |
| | : **<u>OF OHIO, DEPARTMENT OF</u>** |
| | : **<u>MEDICAID AND CROSS-CLAIM</u>** |
| | : **<u>AGAINST DEFENDANTS</u>** |
| | : |
| **Gill Pardeep Singh, et al.** | : |
| | : |
| | : |
| **Defendant.** | : |

**ANSWER OF DEFENDANT, STATE OF OHIO,
DEPARTMENT OF MEDICAID**

**N**ow comes Dave Yost, Attorney General for the State of Ohio, by and through Joseph M. McCandlish, Assistant Attorney General, and states the following:

1. This answering Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in the Complaint, except State of Ohio admits it has paid on the behalf of Plaintiffs, Medicaid recipients, in the amount to be determined for medical services and care as a result of the accident alleged in Plaintiffs' Complaint, and could possibly make further expenditures during the pendency of this action.

2. The State of Ohio, Department of Medicaid has a right of recovery for the cost of medical services and care provided to Plaintiffs, pursuant to Section 5160.37 of the Ohio Revised Code.

**WHEREFORE,** this Defendant having fully answered, prays that its rights be protected.

### CROSS-CLAIM OF DEFENDANT, STATE OF OHIO DEPARTMENT OF MEDICAID

3. The State of Ohio hereby incorporates Paragraphs 1 and 2 of its Answer herein.

4. By virtue of Section 5160.37 of the Ohio Revised Code, the State of Ohio is entitled to recover the amount expended for said medical services and care from the Defendants.

**WHEREFORE**, the State of Ohio demands judgment on its Cross-Claim against Defendants, in the amount listed herein, plus any additional amounts expended for medical services and care during the pendency of this action.

Respectfully submitted,

Dave Yost (0056290)
Attorney General of Ohio

/s/ Joseph M. McCandlish

Joseph M. McCandlish (0073775)
Assistant Attorney General
Collections Enforcement
150 E. Gay Street, 21st Floor
Columbus, OH 43215-3130
(614) 466-8270
614-752-9070 fax
Joseph.McCandlish@ohioattorneygeneral.gov
Attorney for the State of Ohio,
Department of Medicaid

## CERTIFICATE OF SERVICE

    I hereby certify that on this 28th day of April, 2020, the foregoing <u>Answer, and Cross-Claim</u> was mailed by regular U.S. Mail and/or electronic filing to:

John W. Burnett
600 Superior Ave. East, Suite 2505
Cleveland, OH 44114

(216) 861-8888

*Attorney for Plaintiff*

Gill Pardeep Singh
219 Loganberg Drive
West St. Paul, MB R2V4Z7

*Defendant*

Longview Logistics Ltd.
23 Herman Avenue
Winnipeg MB R2R1LB

*Defendant*

Medical Mutual of Ohio
2060 East 9th Street
Cleveland, OH 44115

*Defendant*


                /s/ Joseph M. McCandlish

                Joseph M. McCandlish (0073775)
                Assistant Attorney General